818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell Anthony CLOUDEN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy CLOUDEN, Defendant-Appellant.
 No. 86-5608(L), 86-5609.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided May 14, 1987.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Michael Joseph Cassidy; Becky J. Moore (James Clyde Clark; Land, Clark, Carroll & Mendolson, P.C., on brief), for appellants.
 Matthew R. Jacobs, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney; William G. Otis, Assistant United States Attorney; Constance Wynn, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Russell Clouden and Timothy Clouden, brothers, were convicted of various drug offenses involving cocaine--Russell on his conditional plea of guilty and Timothy on the verdict of a jury. Prior to trial, both unsuccessfully sought to suppress the use in evidence of cocaine found on the person of Russell, and cocaine contained in a shoe. The shoe had been found on the ground underneath where Russell's car had been parked before the car was moved by the police, and it matched a shoe contained in Russell's baggage. They appeal, contending that their Fourth Amendment rights were violated. Timothy also claims that the evidence was legally insufficient to support the verdict that he possessed cocaine and that he conspired to possess cocaine with intent to distribute.
 
 
 2
 We affirm.
 
 
 3
 The district court found that the initial and subsequent encounters between the DEA agents and Timothy and Russell were consensual, and that Russell voluntarily produced the packet of cocaine from his wallet. It also found that Russell consented to the movement of his automobile, thereby exposing the shoe from which protruded the corner of a plastic bag containing cocaine. Our review of the record discloses that these findings are not clearly erroneous. In addition we do not think that Russell had an expectation of privacy in a shoe found underneath where his automobile had been parked. The inference is inescapable that the shoe had either been placed on the ground initially or at some place on the exterior of the car, from where it dropped when the car was moved. We thus perceive no Fourth Amendment violation.
 
 
 4
 The evidence of possession of cocaine and conspiracy to possess cocaine with intent to distribute was, in our view, legally sufficient to permit the jury to find Timothy guilty beyond a reasonable doubt of the two offenses. AFFIRMED.